## KLIFFIELD *v.* THE STATE, 4 Howard, 304.

### RETAILING WITHOUT LICENSE.

A count in an indictment on the statute, charging that the defendant did unlawfully sell and retail vinous and spirituous liquors, to wit: wine, rum, gin, brandy and whiskey, in a less quantity than one gallon, to persons to the jurors unknown; and that the said defendant did then and there suffer and permit the said vinous and spirituous liquors, so retailed and sold in less quantities than one gallon, as aforesaid, to be drank and used in and about the house of him, the said C. contrary to the form of the statute, etc., was held to be good.

A count charging that the defendant, as a tavern and inn-keeper, did unlawfully, gratuitously, and without special charge therefor, offer, give, and deliver vinous and spirituous liquors, etc., in less quantity than one gallon, to divers persons to the jurors unknown; which said persons were then and there the guests of the said C. contrary to the statute, etc., was held to be good.

A count charging that the defendant, inn-keeper, etc., did then and there, by evasion, etc., violate the plain intent and meaning of an act, etc., is too vague and uncertain, and will not warrant a conviction. When the indictment contains several counts, and one of them is good, it will sustain the verdict of "guilty."

It is a well established rule of law, that a hypothetical opinion of the court, given in its instructions to the jury, is no ground of error.

No one can excuse himself from the operation of penal statutes, on the mere ground that he acted only as agent for another person.

Error to Jefferson circuit court.

*Saunders* for plaintiff in error.

*T. F. Collins*, attorney general.

TURNER, J.:

The plaintiff in error was indicted, tried and convicted under the statute commonly called the gallon law, and received the sentence of the court at the December term, 1839.

The plaintiff in error assigns the following errors:

1. The criminal court erred in refusing a new trial, as prayed for.

2. The criminal court erred in the instruction given on motion of the attorney for the state.

3. The indictment is wholly defective in substance, and the judgment in the case unlawful and defective.

We will notice the last error first.

There are three several counts in the indictment. The first count charges that the defendant below by the name of George H. Cliffield, yeoman, did unlawfully sell and retail vinous and

spirituous liquors, to wit, wine, rum, gin, brandy and whiskey, in a less quantity than one gallon, to persons to the jurors unknown, and that the said defendant did then and there suffer and permit the said vinous and spirituous liquors, so retailed and sold in less quantity than one gallon, as aforesaid, to be drank and used in and about the house of him the said Kliffield, contrary to the form of the statute, etc.

The second count charges that George H. Cliffield, tavern keeper and inn-keeper, did "unlawfully, gratuitously and without special charge therefor, offer, give and deliver vinous and spirituous liquors, viz: wine, gin, rum, brandy, and whiskey, in less quantity than one gallon, to divers persons to the jurors aforesaid unknown, which said persons were then and there the guests of the said George H. Cliffield, contrary," etc.

The third count charges "that George H. Kliffield, tavern-keeper and inn-keeper, etc., did then and there by evasion, subterfuge and chicanery, violate the plain intent and meaning and law of the State of Mississippi, bearing date, etc., entitled ' an act for the suppression of tippling houses, and to discourage and prevent the odious vice of drunkenness,' contrary," etc.

The defendant below being arrested and brought into court, pleaded "not guilty," and for trial put himself upon the country.

In some parts of the indictment, the plaintiff in error is described as George H. Cliffield, "yeoman;" in others, as "tavern-keeper and inn-keeper;" and in some parts of the record his name is spelled "Cliffield," in others, "Kliffield," and it is contended that these variations amount to errors, fatal to the recovery, had or sought by the state. In answer to this, it is sufficient to state, that on the plea of "not guilty," there was a conviction on the merits, and no question raised on the record, as to the identity of the person of the defendant.

The first and second count in the indictment are unquestionably good. The third count is too general, and cannot be considered as charging the accused with lawful certainty. To indict a person for violating the whole of any particular statute without specifications, is not sufficient to call for a conviction. But the rule is, after a verdict of "guilty" on an indictment

containing several counts, if there be one good count, it is sufficient to sustain the conviction.

The next error assigned, in the order proper to be followed, is the second, viz: the supposed error of the court below in its charge to the jury.

After the evidence, both on the part of the state and of the accused, had been closed, the district attorney, on the part of the state, requested the court to give the following instructions to the jury, to wit:

1. The court will instruct the jury that, if from the testimony they believed that Cliffield sold vinous or spirituous liquors in less quantities than one gallon, as the agent of Noe, they will find him guilty.

2. If they believe the defendant permitted vinous liquors to be drank in his house of which the defendant was not the owner, but the barkeeper, they will find him guilty.

3. If they believe from the testimony, that the defendant delivered eighty drinks, by the drinks, it is immaterial whether there was more or less than a gallon in the aggregate; the defendant is equally guilty.

4. That there can be no clerks, barkeepers or agencies in crime, and the agent is as guilty as the principal.

5. If the defendant is guilty on one count of the indictment, it is sufficient to convict.

All of which instructions the court gave to the jury, in the words stated as above.

The above charges may be considered, in some measure, as hypothetical, as it is not stated in the record what evidence was before the jury; for instance, in the first charge, we see for the first time the term *agency*, and the name of Noe introduced. It is the well settled law, that a hypothetical opinion given by a court to a jury, is not error, but, so far as the charge may be considered as having any bearing upon the case, it is not in violation of the rules of law. No one can excuse himself in criminal cases, by showing that he acted in the matter as the agent of another person.

The second and remaining charges have relation to the same matter of agency, and as these charges were all in writing, and

given together at the same time, they may be considered as having reference to the case before the court, and are substantially correct.    As to the last charge, I have already stated that, if there is one good count in the indictment, it is sufficient to warrant a conviction.

The first error assigned is, that the court below erred in not granting a new trial, which was moved for, for the following reasons, to wit: 1st. Because the court misdirected the jury, and because the jury empanelled, and that tried this case, were not impartial jurors.

We have already expressed our opinion on the first ground of the motion for a new trial, and there is no evidence before us of any want of impartiality in the jurors who tried the cause. We are, therefore, of opinion that the judgment of the court below be affirmed.